IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BASIL ABDUL RASHEED, JR.                                          PLAINTIFF

vs.                              Civil No. 4:17-cv-04057

CITY OF TEXARKANA,
ARKANSAS, *et al*                                                DEFENDANTS

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is the Motion to Dismiss filed herein by Defendant John Pickett ("Pickett").

ECF No. 13.    Plaintiff filed several responses to this motion.    ECF No. 14, 34.    Pursuant to the

provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III referred this

motion to this Court for the purpose of making a report and recommendation. On January 10, 2018,

a hearing was held on this Motion.    All Defendants appeared through counsel.    Plaintiff, who is

proceeding *pro se*, also appeared.    The Court, having reviewed the parties' arguments and briefing,

recommends the Motion To Dismiss (ECF No. 13), of Pickett, be **GRANTED.**

### 1. Background

On July 17, 2017, Plaintiff filed a *pro se* Complaint against several parties.    ECF No. 1.

Plaintiff's claims relate to a traffic stop involving his son, Demetrius Stanley.    The limited facts

alleged in the Complaint state that on March 27, 2016, Co-Defendant Officer Darren Jones arrested

the Plaintiff's son, Demetrius Stanley.    ECF No. 1.    This arrest followed a traffic stop conducted by

Co-Defendant Officer Freeman for expired car registration.    *Id.*    Following the stop, it was confirmed

that Demetrius Stanley had an outstanding warrant for a parole violation out of Bowie County, Texas.

*Id.*    The traffic stop and arrest occurred at the intersection of St. Michael Drive and State Line Avenue

in Texarkana, Texas.    *Id.*    Plaintiff's Complaint makes no allegation he was present during the traffic

stop and arrest on March 27, 2016.  Additionally, Plaintiff, at the hearing held on January 10, 2018, acknowledged he was not present at the time of the traffic stop and arrest of Demetrius Stanley.

Defendant Pickett filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of standing, 12(b)(6) for failure to state a claim upon which relief can be granted, and 12(b)(5) for improper service.  ECF. No. 13.  Plaintiff responded to this motion.  ECF Nos. 14, 34.  Because this court finds Plaintiff lacks standing under Fed. R. Civ. P. 12(b)(1) to bring this suit, only this ground will be addressed in the Report and Recommendation.

## 2.  Discussion

Because the Plaintiff is proceeding *pro se,* the Court has liberally construed his complaint. However, the Plaintiff must still allege sufficient facts to support his claims.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Standing is a necessary component of the jurisdiction of an Article III court, which exists to resolve cases or controversies.  *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973).  If a Plaintiff lacks standing, the district court has no subject matter jurisdiction.  *Friedmann v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir.1993).  To establish standing, the Plaintiff must demonstrate: (1) he suffered an injury in fact which is (a) concrete and particularized and (b) actual and imminent; (2) a causal connection between the conduct complained of and the alleged injury; and, (3) it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560- 561 (1992).

All of Plaintiff's claims relate to a traffic stop involving his son, Demetrius Stanley.  Plaintiff was not involved, nor even present, at the time of the traffic stop.  Plaintiff's Complaint makes no allegation showing he was in any way stopped, detained, touched, arrested or effected in any way by the traffic stop which occurred on March 27, 2106.  Plaintiff has not pled a single contact with Pickett

related to the March 27, 2016 traffic stop.[1]  Plaintiff's position at the hearing on this Motion was simply that he "had the right to defend his son."  Plaintiff has failed to allege any injury he suffered related to the March 27, 2016 traffic stop.

Accordingly, this Court finds Plaintiff lacks standing to bring this action and, consequently the Court lacks subject matter jurisdiction to entertain Plaintiff's claims against Defendant John Pickett.

**3. Conclusion**

Based upon the foregoing, this Court recommends that Defendant John Pickett's Motion To Dismiss, (ECF No. 13) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 19th day of January 2018.**

s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[1]Mr. Pickett is court-appointed counsel for Demetrius Stanley, Plaintiff's son, in connection with a pending criminal case filed in the United States District Court, Western District of Arkansas, Texarkana Division, Case No. 4:16-CR-40022-001.  While not addressed in this Report and Recommendation, the Court also notes that Mr. Pickett, as a private attorney, is not a state actor and thus is not subject to claims made pursuant to 42 U.S.C. § 1983.