IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BASIL ABDUL RASHEED, JR.                                                          PLAINTIFF

vs.                                       Civil No. 4:17-cv-04057

CITY OF TEXARKANA,
ARKANSAS, *et al*                                                                 DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is the Motion to Dismiss filed herein by Defendants Sheriff Jackie Runion ("Runion") and Warden Jeffie Walker ("Walker"). ECF No. 28. Plaintiff filed a response to this motion. ECF No. 34. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III referred this motion to this Court for the purpose of making a report and recommendation. On January 10, 2018, a hearing was held on this Motion. All Defendants appeared through counsel. Plaintiff, who is proceeding *pro se*, also appeared. The Court, having reviewed the parties' arguments and briefing, recommends the Motion To Dismiss (ECF No. 28) of Runion and Walker be **GRANTED.**

**1. Background**

On July 17, 2017, Plaintiff filed a *pro se* Complaint against several parties. ECF No. 1. Plaintiff's claims relate to a traffic stop involving his son, Demetrius Stanley. The limited facts alleged in the Complaint state that on March 27, 2016, Co-Defendant Jones arrested the Plaintiff's son, Demetrius Stanley. ECF No. 1. This arrest followed a traffic stop conducted by Co-Defendant Officer Freeman for expired car registration. *Id.* Following the stop, it was confirmed that Demetrius Stanley had an outstanding warrant for a parole violation out of Bowie County, Texas. *Id.* The traffic stop and arrest occurred at the intersection of St. Michael Drive and State Line Avenue in Texarkana,

Texas. *Id.* Plaintiff's Complaint makes no allegation he was present during the traffic stop and arrest on March 27, 2016. Additionally, Plaintiff, at the hearing held on January 10, 2018, acknowledged he was not present at the time of the traffic stop and arrest of Demetrius Stanley.

Plaintiff, appears to make a claim against only these two defendants alleging he is unable to send mail to his son while incarcerated in the Miller County Arkansas Jail.

Defendants Runion and Walker filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of standing, 12(b)(6) for failure to state a claim upon which relief can be granted, and based on qualified immunity for Runion and Walker. ECF. No. 28. Plaintiff responded to this motion. ECF No. 34. Because this court finds Plaintiff lacks standing under Fed. R. Civ. P. 12(b)(1) to bring this suit, and because of qualified immunity, only these grounds will be addressed in the Report and Recommendation.

**2. Discussion**

Because the Plaintiff was proceeding *pro se,* the Court has liberally construed his complaint. However, the Plaintiff must still allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Standing is a necessary component of the jurisdiction of an Article III court, which exists to resolve cases or controversies. *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). If a Plaintiff lacks standing, the district court has no subject matter jurisdiction. *Friedmann v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir.1993). To establish standing, the Plaintiff must demonstrate: (1) he suffered an injury in fact which is (a) concrete and particularized and (b) actual and imminent; (2) a causal connection between the conduct complained of and the alleged injury; and, (3) it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560- 561 (1992).

All of Plaintiff's claims relate to a traffic stop involving his son, Demetrius Stanley. Plaintiff was not involved, nor even present, at the time of the traffic stop. Plaintiff's Complaint makes no allegation showing he was in any way stopped, detained, touched, arrested or effected in any way by the traffic stop which occurred on March 27, 2106. Plaintiff has not pled a single contact with Runion or Walker related to the March 27, 2016 traffic stop. Plaintiff's position at the hearing on this Motion was simply that he "had the right to defend his son." Plaintiff has failed to allege any injury he suffered related to the March 27, 2016 traffic stop.

Accordingly, this Court finds Plaintiff lacks standing to bring this action and, consequently the Court lacks subject matter jurisdiction to entertain Plaintiff's claims as it relates to the traffic stop which occurred on March 27, 2016.

Plaintiff also seems to allege he is unable to send mail to his son while he is being held at the Miller County Arkansas Jail. During the hearing, Plaintiff stated he was not able to send mail in an envelope, but was allowed to send post cards to his son. Even assuming Plaintiff has standing to bring this claim, Defendants are entitled to qualified immunity.

Qualified immunity serves to shield a governmental official from prosecution and liability based on the performance of discretionary duties. Government officials are immune from civil rights claims brought under § 1983 if "their conduct does not violate clearly established rights of which a reasonably objective party would have known." *Harlow v. Fitzgeral*, 457 U.S. 800, 818 (1882). Recently, the Eighth Circuit has held a postcard-only incoming-mail policy is constitutional. *Simpson v. County of Cape Girardeau*, 2018 WL 258744 (8th Cir. Jan. 2, 2018) Accordingly, Defendants Runion and Walker have not violated any clearly established constitutional right by requiring incoming mail to be on post cards. To the contrary, this policy is clearly constitutional.

### 3. Conclusion

Based upon the foregoing, this Court recommends that Defendant Sheriff Jackie Runion and Warden Jeffie Walker  Motion To Dismiss, (ECF No. 28) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 19th day of January 2018.**

> s/  Barry A. Bryant
> HON. BARRY A. BRYANT
> U. S. MAGISTRATE JUDGE